IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZEFFIE CHILDREY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACT. NO.  2:14cv616-MEF |
| | ) |
| CGI TECHNOLOGIES and SOLUTIONS, | ) |
| | ) |
|    Defendant. | ) |

**RECOMMENDATION AND ORDER OF THE MAGISTRATE JUDGE**

Before the court is the motion to dismiss the amended complaint (Doc. 27) filed on July 31, 2014, by Defendants Willie McCall, Calvin Patterson, Lynn Engram, Erin Reeves,[1] Robert Patterson, Benjamin McCall, Kay Reader, Quinton McCall, and Tina Paulk ("the individual defendants"). Also pending is the motion to dismiss the original complaint (Doc. 21), which was filed by the same individual defendants.

Plaintiff Zeffie Childrey seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for sexual harassment and for retaliation for lodging a sexual harassment complaint with her employer and for filing an EEOC complaint. "'Individual capacity suits under Title VII are . . .inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.'" *Cross v. Ala. State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th

---

[1] Erin Reeves was incorrectly named in the amended complaint as "Erin DeBruyne."

Cir. 1991). Further, because Childrey has also named her employer, CGI Technologies and Solutions, as a defendant, the presence of any individual defendants in their official capacities is redundant and unnecessary. *See Busby*, 931 F.2d at 772 ("[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, *either* by naming the supervisory employees as agents of the employer *or* by naming the employer directly." (emphasis added)). Thus, the individual defendants are not proper defendants in this action and are due to be dismissed from this action.

On August 5, 2014, this court held a status and scheduling conference in this case. During the scheduling conference, Childrey acknowledged and agreed that the individual defendants were due to be dismissed because they were not proper defendants to a Title VII action.

Accordingly, it is

**ORDERED** that this court's August 1, 2014 Order (Doc. 28) to show cause why the motion to dismiss the amended complaint (Doc. 27) should not be granted be and is hereby **VACATED**.

Further, it is the **RECOMMENDATION OF THE MAGISTRATE JUDGE**

1. That the motion to dismiss the amended complaint (Doc. 27) filed by the individual defendants be **GRANTED;**

2. that Defendants Willie McCall, Calvin Patterson, Lynn Engram, Erin Reeves (who was incorrectly named in the amended complaint as "Erin DeBruyne"), Robert

2

Patterson, Benjamin McCall, Kay Reader, Quinton McCall, and Tina Paulk be **DISMISSED** from this action; and

3. That the motion to dismiss the original complaint (Doc. 21) filed by the individual defendants be **DENIED** as **MOOT**.  Further, it is

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **August 19, 2014.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*; see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 5th day of August, 2014.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE