IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZEFFIE CHILDREY, | ) |
|     Plaintiff, | ) |
| v. | ) |
| CGI TECHNOLOGIES AND SOLUTIONS | )   CIVIL ACT. NO.  2:14cv616-MHT |
|     and | ) (WO) |
| WILLIE MCCALL | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the motion to dismiss Count III of the second amended complaint (Doc. 51) filed by Defendant CGI Technologies, Inc.  Also before the court is Defendant Willie McCall's motion to dismiss.  (Doc. 52).

On November 17, 2014, oral argument was held on the motions.  At oral argument, the *pro se* Plaintiff, Zeffie Childrey, stated that she wished to voluntarily dismiss her claims against Defendant Willie McCall.  Defendant McCall did not object to Childrey's voluntary dismissal of those claims.  Accordingly, pursuant to Fed. R. Civ. P. 41(a)(2), Count IV and Count V of the second amended complaint are due to be dismissed without prejudice and Defendant McCall is due to be dismissed from this action.

Further, as it is currently stated in the Second Amended Complaint, Count III, alleging "constructive termination," is due to be dismissed.  Count III is not stated as a Title VII

claim. Childrey does not allege that her employment contract was anything other than an at-will employment contract; therefore, constructive termination as a separate state law claim does not exist under the facts stated in the complaint. *See Hoffman-La Roche, Inc. v. Campbell*, 512 So. 2d 725, 728 (Ala. 1987) ("[T]he rule is well settled in Alabama that an employee contract at will may be terminated by either party with or without cause or justification . . . This means a good reason, a wrong reason, or no reason."). However, constructive termination due to severe and pervasively intolerable working conditions "can be regarded as an aggravated case of sexual harassment and hostile work environment" under Title VII. *Penn. State Police v. Suders*, 542 U.S. 129, 147 (2004). Thus, Childrey's allegations of constructive termination may proceed under Counts I and II, in which Childrey asserts claims of sexual harassment, retaliation, and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

Accordingly, it is the **RECOMMENDATION OF THE MAGISTRATE JUDGE**

1. that the motion to dismiss Count III of the second amended complaint (Doc. 51) filed by Defendant CGI Technologies, Inc. be granted;

2. that Count III of the second amended complaint be dismissed;

3. that, pursuant to Fed. R. Civ. P. 41(a)(2), Count IV and Count V of the second amended complaint be dismissed without prejudice and that Defendant McCall be dismissed from this action; and

4. that Defendant Willie McCall's motion to dismiss (Doc. 52) be denied as moot.

Further, it is

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **December 15, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of December, 2014.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE